UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENGJELL NUO, | ) | CASE NO.  1:25-cv-01473 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| PETROVIC TRANS CORP., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Before the Court is Plaintiff Engjell Nuo's ("Nuo") Motion for Extension of Time for Service and Motion for Alternative Service.  (Doc. 9.)  For the reasons stated herein, Plaintiff's Motion is GRANTED in part and DENIED in part.

I.      BACKGROUND

A.      Factual Allegations

On August 1, 2023, Nuo was a passenger in a tow truck that was attached to a tractor trailer positioned on the right shoulder of highway I-30 in Arkansas.  (Doc. 1 at ¶ 11.)[1] Tshifhiwa Sibeyi ("Sibeyi"), a truck driver who was traveling on I-30, lost control of his vehicle and "veered onto the right shoulder of the road, striking the rear of the tractor-trailer and tow truck that [Nuo] was in," causing him serious injuries.  (*Id.* at ¶ 13.)  Nuo alleges Petrovic Trans Corp., Petrovic Transport LLC, and D&B Transport LLC are the owners of Sibeyi's truck.  (*Id.* at ¶¶ 14-15.)  He also claims he is free of any fault.  (*Id.* at ¶ 17.)  Arkansas State Police investigated the accident and determined Sibeyi was at fault.  (*Id.* at ¶ 18.)

---

[1] For ease and consistency, briefing citations reflect the electronically stamped CM/ECF document and PageID# rather than any internal pagination.  Complaint citations are to the internal paragraph notations.

Nuo brings one count of negligence against Sibeyi, Petrovic Trans Corp., D&B Transport LLC, and Petrovic Transport LLC (collectively "Defendants").  (*Id.* at ¶ 19.)  Nuo further alleges multiple regulatory violations by all Defendants under the regulations promulgated by the Department of Transportation involving vehicle non-compliance, driver certification and qualification, alcohol and drug testing, and driver operation of a vehicle while ill or fatigued, among other claims.  (*Id.*)  Nuo seeks damages "for an amount in excess of $75,000," including punitive damages and attorneys' fees.  (*Id.* at 11.)

## B.     Procedural History

On July 15, 2025, Nuo filed the instant case.  (Doc. 1.)  On September 30, 2025, Nuo filed a Motion to voluntarily dismiss Petrovic Transport LLC.  (Doc. 7.)  On October 3, 2025, Petrovic Transport LLC was dismissed without prejudice.  (Doc. 8.)  On September 30, 2025, Nuo submitted to the Court proof of service for D&B Transport LLC.  (Doc. 6.)  On October 15, 2025, D&B Transport LLC Answered.  (Doc. 10.)  To date, Nuo has been unsuccessful in serving both Sibeyi and Petrovic Trans Corp.

### 1.     Attempts to Serve Sibeyi

On August 6, 2025, Nuo attempted to serve Sibeyi at an address in San Marcos, Texas. (Doc. 2-1 at 15; Doc. 9 at 62-65.)  A leasing agent confirmed to the process server this address was vacant.  (Doc. 9 at 65.)  On August 22, 2025, Nuo attempted to serve Sibeyi at a Denver, Colorado location.  (*Id.* at 61.)  This process server failed to locate Sibeyi because "all reasonable inquiries suggest the subject has never lived at the above address, or is not known by the current residents."  (*Id.*)  On or around August 20, 2025, Nuo initiated phone and email communications with Sibeyi.  (*Id.* at 58, 68.)

**2.      Attempts to Serve Petrovic Trans Corp.**

Nuo first attempted to serve Petrovic Trans Corp. at a Cleveland, Ohio address.  (Doc. 2-3 at 19.)  He then attempted to locate A2Z Safety, Inc. ("A2Z Safety"), the registered agent for Petrovic Trans Corp.  (Doc. 9 at 73.)  On July 15, 2025, Nuo attempted to serve Petrovic Trans Corp. through A2Z Safety at a Highland, Indiana address.  (*Id.* at 72.)  Unsuccessful, the process server indicated A2Z Safety may be located at a Chicago, Illinois location.  (*Id.*)  He then attempted service at this address.  (*Id.* at 73.)  On July 25, 2025, Nuo obtained the contact information of A2Z Safety and discovered they are no longer the registered agent of Petrovic Trans Corp.  (*Id.* at 56, 71.)  Nuo then received the phone number for Mlad Petrovic ("Petrovic"), the current owner and registered agent of Petrovic Trans Corp.  (*Id.*)  Nuo has been in contact with Petrovic and has confirmed his address in Chicago, Illinois.  (*Id.*)  Nuo did not provide a date for when he received this information.

**3.      Emergency Motion for Extension of Time and Motion for Alternative Service**

On October 6, 2025, Nuo filed an Emergency Motion for Extension of Time and Motion for Alternative Service ("Motion") to perfect service on Petrovic Trans Corp. and Sibeyi.  (Doc. 9.)  Specifically, Nuo requested a 60-day extension to serve both Petrovic Trans Corp. and Sibeyi and authorization for service on both Defendants by certified mail, publication, and email.  (Doc. 9 at 58.)  Nuo claims he has already sent the Complaint to Petrovic via text message.  (*Id.* at 56, 76.)  Nuo's deadline for perfecting service on both Defendants was October 14, 2025.

## II.     LAW & ANALYSIS

### A.     Rule 4(m) and Good Cause

Rule 4(m) provides that a plaintiff must serve a defendant with a summons and copy of the complaint within 90 days after the complaint is filed.  *See* FED. R. CIV. P. 4(m).  Rule 4(m) further states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*  "If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service."  *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022).  However, "if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time."  *Stewart v. Tennessee Valley Auth.*, 238 F.3d 424 (6th Cir. 2000) (unpublished table decision).

"Good cause necessitates a demonstration of why service was not made within the time constraints."  *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).  "[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."  *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). Nor is good cause found "in all cases in which a defendant is not prejudiced."  *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992).  "In general, good cause means 'a reasonable, diligent effort' at proper service."  *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, 2022 U.S. App. LEXIS 23854, at *9-10 (6th Cir. Aug. 24, 2022) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021)).  Good cause is often found where "something outside the

plaintiff's control prevents timely service." *Id.* at *10. "Plaintiff bears the burden to establish good cause." *Habib*, 15 F.3d at 73.

Nuo argues he has demonstrated good cause because of his "due diligence in attempting to serve Defendants at multiple addresses," although "traditional personal service has been unsuccessful." (Doc. 9 at 57.) Nuo also argues that his continued efforts to serve Sibeyi and Petrovic Trans Corp. should be construed as good cause. (*Id.*)

Nuo's attempts to serve Sibeyi and Petrovic Trans Corp. show otherwise. The deadline to serve all Defendants was October 14, 2025. Since August 20, 2025, Nuo has been in phone and email communications with Sibeyi, yet has given no reason why he has been unable to perfect service on him. (Doc. 9 at 58, 68.) When Nuo began contacting Petrovic is less clear. Nuo claims he received Petrovic's contact information after he was given the phone number for A2Z Safety. (*Id.* at 56.). Nuo attaches an email to his Motion where, on July 25, 2025, a process server gave this contact information to Nuo. (*Id.* at 71.) Nuo then claims a representative of A2Z Safety gave him the contact information for Petrovic. (*Id.* at 56.) Sometime after July 25, 2025, Nuo received this information and subsequently contacted Petrovic. Nuo then claimed he sent a copy of the Complaint to Petrovic via text message. (*Id.*) While Nuo has not provided a specific date for when he first contacted Petrovic, it is clear Nuo has been able to gain the necessary information to perfect service on Sibeyi and Petrovic Trans Corp. since August and July 2025, respectively. Nuo provides no reason why, between these months and October 14, 2025, he failed to perfect service on Sibeyi and Petrovic Trans Corp.

Nuo has not demonstrated that Sibeyi or Petrovic Trans Corp. has evaded service of process. *Friedman*, 929 F.2d at 1157. He has also not alleged an error on the part of the Court. *Id.* While Nuo has unsuccessfully attempted to serve these parties at multiple locations, nothing

outside of his control has "prevent[ed] timely service" in the intervening weeks that he has been in contact with Sibeyi and Petrovic. *Savoie*, 2022 U.S. App. LEXIS 23854, at *10. Accordingly, Nuo has not demonstrated good cause requiring the Court to extend the time for service of process.

> **B.**     **Discretionary Extension of Service Deadline Absent Good Cause**

A court "retains discretion to grant an extension to effect service even if the plaintiff does not show good cause." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, 2023 U.S. App. LEXIS 5046, at *8 (6th Cir. Mar. 1, 2023); *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). In such cases, courts consider the seven factors outlined in *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). These factors are:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.

Nuo requests a 60-day extension to perfect service on Sibeyi and Petrovic Trans Corp. (Doc. 9 at 59.) Requests of this length have weighed in favor of granting a discretionary extension. *See Oakland Physicians*, 44 F.4th at 571 (50 days past service deadline not a "very long time"). In addition, no Defendant has argued prejudice or otherwise opposed Nuo's Motion. Both Sibeyi and Petrovic Trans Corp. also have actual notice of Nuo's suit. (Doc. 9 at

55-56.) Under Arkansas law, Nuo's negligence claim is not barred by the statute of limitations. *See* Ark. Code. Ann. § 16-56-105 (outlining a three-year statute of limitations for personal injury claims); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992) ("In Arkansas, the general personal-injury statute of limitations is three years."). Nuo has also made good faith efforts to serve Sibeyi and Petrovic Trans Corp., to include hiring a process server and contacting Defendants to locate them. (Doc. 9 at 55-56.) Notwithstanding, Nuo is not a *pro se* litigant. But there are no equitable factors that weigh against an extension. Considering the *Oakland Physicians* factors, a discretionary extension for service is warranted.

### C. Request for Alternative Service

Proper service of process "is not some mindless technicality." *Friedman*, 929 F.2d at 1156. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). "[S]ervice of a summons and complaint must meet constitutional due process and the requirements of the federal rules in order for jurisdiction to exist over a defendant." *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, 338 F.R.D. 100, 103 (N.D. Ohio 2021). Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd*, 94 F.3d at 219).

Under Rule 4(e)(1), an individual located in the United States may be served by following state law for serving a summons in the state where the district court is located or where service is made. FED. R. CIV. P. 4(e)(1). Rule 4(e)(2) additionally permits service by:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).  Corporations may be served "in the manner prescribed by Rule 4(e)(1)" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ."  FED. R. CIV. P. 4(h)(1)(A)-(B).

In his Motion, Nuo requests service by certified mail, publication, and email on Sibeyi and Petrovic Trans Corp.  While Nuo claims that Petrovic Trans Corp. is registered at a Chicago, Illinois address, he does not specify where Sibeyi's "last known residential or business addresses" is.  (Doc. 9 at 58.)  Thus, Nuo can serve Petrovic Trans Corp. under the Federal Rules, Ohio Rules, or Illinois Rules for service of process.  Nuo can serve Sibeyi under the Federal Rules or Ohio Rules.[2]  Each request is taken in turn.

### 1.        Service by Certified Mail

For individuals and corporations, the Federal Rules do not permit service by certified mail.  *See* FED. R. CIV. P. 4(e); FED. R. CIV. P. 4(h).  In Ohio, service by certified mail is an authorized method of service.  *See* Ohio Civ. R. 4.1; Local Rule 4.2.  However, "receipt of service of process through certified mail is not sufficient by itself to convey jurisdiction under Ohio's long-arm statute and its accompanying rule of civil procedure."  *Conn v. Zakharov*, 667

---

[2] The Court notes that Nuo attempted to serve Sibeyi in both Texas and Colorado.  (Doc. 9 at 61. 65.)  Notwithstanding, Nuo does not elaborate in what states he now wishes to serve Sibeyi. Since "Rule 7(b) requires a motion to (A) 'be in writing,' (B) 'state with particularity the grounds for seeking the order,' and (C) 'state the relief sought,'" the Court cannot make its own conclusions as to Nuo's request.  *Moore v. Liewert*, No. 22-2056, 2023 WL 8378827, 2023 U.S. App. LEXIS 21563, at *7 (6th Cir. Aug. 16, 2023) (quoting FED. R. CIV. P. 7(b)).

F.3d 705, 716 (6th Cir. 2012). For out-of-state defendants, service by certified mail is only authorized in certain cases that involve property, injury, or acts that occurred in Ohio. *See* Ohio Civ. R. 4.3. As it applies to Sibeyi, because Sibeyi is an out of state defendant, and because neither the Federal Rules nor Ohio Rules allow for service by certified mail in this type of case, Nuo's request is denied. The same is true as it relates to Petrovic Trans Corp. as it relates to the Federal Rules and Ohio Rules.

In addition, because Nuo claims Petrovic Trans Corp.'s business address is a Chicago, Illinois location (Doc. 9 at 56), Nuo can serve Petrovic Trans Corp. under the Illinois Rules. Applying Illinois law, Nuo's request to serve Petrovic Trans Corp. by certified mail fails. "Under the Federal Rules and Illinois law, certified mail is generally not an adequate means of service for corporations." *Goode v. PennyMac Loan Servs., LLC*, No. 14 C 01900, 2014 WL 6461689, 2014 U.S. Dist. LEXIS 161484, at *34 (N.D. Ill. Nov. 18, 2014); *Reavley v. Toyota Motor Sales U.S. Corp.*, No. 00 C 3676, 2001 WL 127662, 2001 U.S. Dist. LEXIS 1555, at *17 (N.D. Ill. Feb. 14, 2001) ("Plaintiffs sent these defendants the complaint by certified mail, but that is not proper service under federal or Illinois law."). In Illinois, a corporation may be served by "leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 ILCS 5/2-204. Nuo has the contact information for Petrovic, yet has failed to attempt service in a manner that complies with Illinois law.

Nuo's request to serve Sibeyi and Petrovic Trans Corp. through certified mail is DENIED.

### 2. Service by Publication

For individuals and corporations, the Federal Rules do not permit service by publication. *See* FED. R. CIV. P. 4(e); FED. R. CIV. P. 4(h). Ohio law also does not permit service by

publication for Nuo's claims. *See* R.C. § 2703.14 (outlining cases where service by publication is permitted). Accordingly, Nuo's request for service by publication on both Sibeyi and Petrovic Trans Corp. is improper.

In Illinois, service by publication is also not permitted for the claims Nuo raises against Petrovic Trans Corp. "Illinois law allows service by publication only in actions affecting property or status within the jurisdiction of the court . . . ." *Sangraal v. Coyle*, No. 16-CV-1246, 2016 WL 11891511, 2016 U.S. Dist. LEXIS 206273, at *17 (C.D. Ill. Nov. 1, 2016) (citing 735 ILCS 5/2-206). None of Nuo's claims implicate real property belonging to Petrovic Trans Corp. Moreover, service by publication may only be made where "upon diligent inquiry [a party's] place of residence cannot be ascertained." 735 ILCS 5/2-206(a). Since Nuo has the current address of Petrovic Trans Corp.'s registered agent, service by publication would again be improper.

Nuo's request to serve Sibeyi and Petrovic Trans Corp. by publication is therefore DENIED.

### 3. Service by Electronic Mail

"Neither the Federal nor the Ohio Rules of Civil Procedure expressly provide for service via email." *MCP IP, LLC v. .30-06 Outdoors, LLC*, No. 2:21-CV-581, 2021 WL 11527958, 2021 U.S. Dist. LEXIS 265706, at *7-8 (S.D. Ohio Mar. 30, 2021); *see also McLemore v. Clinton County Sheriff's Office*, 214 N.E.3d 723, 738 (Ohio Ct. App. 2023) ("[E]mail is not a permissible method of service under Civ. R. 4.1."). Ohio Civ. R. 4.1 outlines all methods of service within Ohio, except for service by publication as provided in Civ. R. 4.4(A). It does not permit email service. *See* Ohio Civ. R. 4.1.

In Illinois, "[i]f service via traditional means is shown to be impractical, Illinois allows for service of process by special order of court 'in any manner consistent with due process,' including . . . e-mail and social media."  *Moen v. Woolridge*, No. 25-CV-04047-SLD-RLH, 2025 WL 1361461, 2025 U.S. Dist. LEXIS 88704, at *2 (C.D. Ill. May 9, 2025) (quoting 735 ILCS 5/2-203.1); *see also* Ill. Sup. Ct. R. 102(f)(1)(B) (discussing same).  To take advantage of service by email, a party must make a motion pursuant to 735 ILCS 5/2-203.1 which outlines:

> The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.

735 ILCS 5/2-203.1; *see also MetroPCS v. Devor*, No. 16-cv-02949, 2016 WL 9227406, 2016 U.S. Dist. LEXIS 204868, at *2 (N.D. Ill. June 1, 2016) (granting motion brought under section 5/2-203.1 and allowing service via e-mail after plaintiff "ha[d] made a diligent attempt and reasonable efforts to effect service . . . and it [wa]s clear that further attempts of traditional methods of service would prove futile").  Nuo cannot serve Petrovic Trans Corp. by email because he has not filed an affidavit showing how reasonable efforts to effect service have been unsuccessful.  In addition, Nuo is in phone and email contact with the registered agent for Petrovic Trans Corp. and can serve them by traditional means.  (Doc. 9 at 56.)

Nuo's request to serve Sibeyi and Petrovic Trans Corp. by email is DENIED.

## III.   CONCLUSION

For the reasons stated above, Plaintiff Engjell Nuo's Motion for Extension of Time for Service and Motion for Alternative Service (Doc. 9) is GRANTED in part and DENIED in part. Plaintiff Engjell Nuo has until **July 30, 2026**, to serve Defendants Tshifhiwa Sibeyi and Petrovic

Trans Corp. in a manner consistent with the Federal Rules.  No further extensions will be granted.

   **IT IS SO ORDERED.**

Date:  June 24, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE